IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARVIN BROWN,

        Petitioner,

v.                                                                                                                CIV No. 06-1109 RB/LFG

ROBERT ULIBARRI, Warden,

        Respondent.

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDED DISPOSITION
AND DISMISSING ACTION WITH PREJUDICE**

THIS MATTER came before the Court on the Magistrate Judge's Findings and Recommended Disposition, filed March 23, 2007 [Doc. No. 14], recommending denial of Mr. Marvin Brown's ("Mr. Brown's") § 2241 petition and dismissal of the case with prejudice. On April 9, 2007, Mr. Brown filed objections to the proposed findings and recommended disposition. [Doc. No. 15.] The Court conducted a *de novo* review of those portions of the Magistrate Judge's findings and recommended disposition to which Mr. Brown objects.

Mr. Brown first argues that a *pro se* litigant's pleadings must be construed liberally in comparison to pleadings filed by an attorney. Mr. Brown is correct. This Court affords a liberal construction to pleadings filed by litigants appearing *pro se*. United States v. Mora, 293 F.3d 1213, 1216 (10th Cir.), *cert. denied,* 537 U.S. 961 (2002). Even so, the Court will not fashion arguments for *pro se* habeas petitioners. *See, e.g.,* Harmon v. Hightower, 149 Fed. Appx. 742, 743-44, 2005 WL 2033706 at *2 (10th Cir. Aug. 24, 2005) (court does not construct arguments for a habeas

petitioner in the absence of any discussion of the issues).  Here, in reviewing the Magistrate Judge's analysis and recommendation, the Court observes that the Magistrate Judge liberally construed Mr. Brown's pleadings, particularly in regard with issues concerning exhaustion of all of his claims. [Doc. No. 14, ¶¶ 23-26.].  Thus, even under the liberal standard by which the Court examines a *pro se* litigant's pleadings,  Mr. Brown fails to convince the Court that the Magistrate Judge should have reached a different recommendation in analyzing his § 2241 petition.

Mr. Brown next argues that the State's answer was untimely, and that, therefore, the State waived any opposition it had to Mr. Brown's claims.  Although the Magistrate Judge did not discuss the timeliness of the State's Answer, the Court notes that the Answer was due on about January 8, 2007, and that the State filed a motion for extension of time to file its Answer on January 8, 2007. [Doc. Nos. 9, 11.]  The Magistrate Judge found good grounds to grant the request for extension and allowed the State until February 12, 2007 to file its Answer.  On February 12, 2007, the State filed an Answer, with exhibits. [Doc. Nos. 12, 13.]  The Court concludes that the State's Answer was timely.

Mr. Brown asserts that he was entitled to discovery in this habeas proceeding, that the State did not provide copies of the pertinent state court orders and findings, and that the Court must hold an evidentiary hearing on his claims.  A habeas petition brought by an incarcerated plaintiff is excluded from the usual pretrial case management and discovery procedures.  *See* D.N.M.LR-Civ.16.3(d).  No scheduling order was entered in this case, nor did the parties agree to engage in discovery on their own.  *See* D.N.M.LR-Civ. 26.4(a) and 26.5(a).  The rules do not contemplate discovery in cases such as this.

Mr. Brown is mistaken that the State failed to provide copies of the pertinent underlying state court pleadings and orders.  The State attached a number of exhibits to its Answer, including the

2

Judgment, Sentence and Commitment entered in Mr. Brown's state criminal proceeding, his state habeas petition with exhibits, the State's response to the state habeas petition, Mr. Brown's additional memorandum in support of his state habeas petition (prepared by appointed counsel), the State's response, and the State Court's Final Order dismissing Mr. Brown's state habeas petition. The State also provided Mr. Brown's Petition for Writ of Certiorari, the State's opposition, and the Court's Order denying the petition. [Doc. No. 13, Exhibits A-I.]

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), evidentiary hearings are not mandatory. Vroman v. Brigano, 346 F.3d 598, 606 (6th Cir.2003). Indeed, there are limited circumstances under 28 U.S.C. § 2254 that permit the Court to conduct an evidentiary hearing. For example, even where the applicant has failed to develop the factual basis of a claim in State court proceedings, the federal court "shall not hold an evidentiary hearing" unless the applicant shows that:

(A) the claim relies on–

(i) a new rule of constitutional law . . . or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; . . . .

28 U.S.C. 2254(e)(2)(A)(i) and (ii). Here, Mr. Brown did not demonstrate that any of his claims relied on a new rule of constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence. Moreover, the state court held at least two separate days of evidentiary hearings on Mr. Brown's claims and allowed extensive briefing on his claims. The Court agrees with the Magistrate Judge's analysis and recommendation that Mr. Brown is not entitled to relief and also agrees that this determination was properly based on a review of the available records. Thus, Mr. Brown is not entitled to an evidentiary hearing.

Mr. Brown also states that he challenges the sufficiency of the evidence adduced in the state court habeas proceedings that supported the state court's findings and final order of dismissal. [Doc. 15, ¶ 22.] Because he challenges the sufficiency of the evidence, Mr. Brown argues that the state court record and hearing transcripts must be produced in accordance with 28 U.S.C. § 2254(f). Mr. Brown misunderstands the applicable evidentiary standards. If he were challenging the sufficiency of evidence with respect to his underlying criminal conviction, 28 U.S.C. § 2254(f) might come into play. However, he attempts to challenge the sufficiency of evidence that supported the corrections' department's determination of misconduct or forfeiture of good-time credits while Mr. Brown was serving his sentence.

As correctly noted by the Magistrate Judge, the pertinent regulations and law provide the prison officials with significant discretion in making determinations of whether to award good-time credits. [Doc. No. 14, ¶ 38.] In addition, as stated by Mr. Brown, the standard is high for him to show that sufficient evidence did not support the corrections' department's forfeiture of good-time credits in relation to a misconduct incident. The corrections' department or facility need only show "some evidence" to support its finding. [Doc. No. 1, ¶ 52.] *See* Wise v. Commandant, 82 Fed.Appx. 636, 638, 2003 WL 22854685 at *1 (10th Cir. Dec. 2, 2003) (appropriate inquiry is whether "there was sufficient evidence for any rational fact finder" to find inmate committed the disciplinary infractions by a greater weight of the evidence) (internal citation omitted).

Moreover, after holding evidentiary hearings on Mr. Brown's similar state habeas claims and reviewing the pleadings and exhibits, the State Court concluded that Mr. Brown "ha[d] not met his burden in proving the specific instances where he allege[d] a lost [sic] of good time credit . . . ." [Doc. No. 13, Ex. F., p. 2.] In accordance with AEDPA and the increased deference owed to a State Court's findings, the Court concludes Mr. Brown failed to rebut the presumption of correctness as

4

to the State Court's findings in the habeas proceeding.  Thus, Mr. Brown's objections as to sufficiency of evidence are overruled.

In addition, the Court's *de novo* review indicates that the majority, if not all of, Mr. Brown's claims were not characterized as sufficiency of the evidence claims.  For example, he claimed that a state statute violated his right to earn 365 days of good-time credit per year, he possessed a liberty interest in earned and not yet earned good-time credits, and that due process and procedural protections were violated.  On occasion, Mr. Brown asserted that there was not enough evidence to support a finding of misconduct as to the September 25, 2001 incident.  Yet, the state court held two evidentiary hearings and remanded so that Brown could be present for a hearing officer's recommendation in relation to the September 25, 2001 incident and related forfeiture of good-time credits.

Furthermore, to the extent that Mr. Brown is now attempting to re-cast his entire federal habeas petition as a sufficiency of evidence claim, this he cannot do in his objections.  It is inappropriate to raise new issues for the first time in objections to a magistrate judge's recommended disposition.  *See* Marshall v. Chater, 75 F.3d 1421, 1426-27 (10th Cir. 1996); Tracy v. Addison, 16 Fed. Appx. 928, 2001 WL 901142 n.4, at *2 (10th Cir. Aug. 10, 2001), *cert. denied,* 535 U.S. 1022 (2002).

The remainder of Mr. Brown's objections essentially re-argue the same positions he asserted in his federal habeas pleadings, all of which the Magistrate Judge carefully considered and rejected in his recommended disposition.  The Court overrules all of Mr. Brown's objections.

In sum, the Court agrees with the Magistrate Judge's proposed findings and recommendation that Mr. Brown's § 2241 petition be denied and that this case be dismissed with prejudice.

5

IT IS HEREBY ORDERED that the findings and recommended disposition of the United States Magistrate Judge are adopted by the Court, and

IT IS FURTHER ORDERED that Petitioner Marvin Brown's § 2241 petition [Doc. No. 1] is denied and that the action be, and hereby is, dismissed with prejudice.

_____
UNITED STATES DISTRICT COURT